**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

LARON WARD,                              )
                                         )
                    Petitioner,          )
v.                                       )        No. 2:10-cv-197-WTL-WGH
                                         )
HELEN J. MARBERRY, Warden,               )
                                         )
                    Respondent.          )

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Laron Ward is confined within this District serving the executed portion of the sentence imposed by the United States District Court for the Eastern District of Tennessee. Ward seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained in this Entry, Ward's petition for a writ of habeas corpus must be denied.[1]

**Discussion**

Ward entered into a plea agreement with the United States in the trial court in No. 2:07-cr-20134-SHM-1.[2] The trial court accepted the plea agreement, wherein the parties stipulated to a 4-point sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6). Ward was sentenced on March 20, 2009, to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). The trial court's records do not show the filing of an appeal, do not show the filing of an action pursuant to 28 U.S.C. § 2255, and do not show the filing of any post-judgment motion.[2]

Ward states in his petition for writ of habeas corpus that he is challenging the execution of the sentence described above. What he actually challenges, however, is the

---

1 Rule 4 of *the Rules Governing Section 2254 Cases in United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those *Rules* gives this court the authority to apply the rules to other habeas corpus cases. This is such a case.
2 The court takes judicial notice of the records of the trial court. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases).

length of the sentence imposed in No. 2:07-cr-20134-SHM-1. By challenging the length of his sentence, and despite Ward's labeling of his petition as a challenge to its execution, Ward's challenge can only sensibly be understood as a challenge to the validity of his conviction.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See *Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). Ward seeks relief pursuant to 28 U.S.C. § 2241. This statute is properly used to attack "the execution, not the validity, of the sentence." *United States v. Ford,* 627 F.2d 807, 813 (7th Cir. 1980); *see Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). A federal prisoner challenging the validity of his conviction or sentence generally must do so under 28 U.S.C. § 2255. *See, e.g., Unthank v. Jett,* 549 F.3d 534 (7th Cir. 2008). Only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" may the prisoner use § 2241 for this purpose. 28 U.S.C. § 2255(e); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

Ward was informed of the foregoing landscape of collateral challenges. He has responded by reiterating the unexplained assertion in his petition for writ of habeas corpus that the remedy via ' 2255 Ais wholly unavailable.@ This unexplained assertion is sandwiched among repeated statements that Ward is legally innocent of the enhanced sentence he received. His simple assertion of innocence does not satisfy the standard of 28 U.S.C. § 2255(e). Additionally, arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence pursuant to § 2241. *See Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008).

Because Ward cannot obtain either the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *Buford v. Superintendent, U.S. Penitentiary,* 2008 WL 2783257, ** 1-2 (S.D.Ind. 2008). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 06/30/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana